Good morning, Your Honors. May it please the Court, my goal here is to reserve three minutes for rebuttal. Okay. Watch the clock, please. I will try. Krista Hart on behalf of Mr. Barker. And the question presented in this appeal is whether, on October 29th, the day before trial was set to begin in the district court, whether the district court erred when it relieved court-appointed counsel Joseph Wiseman over Mr. Barker's objection. Now, it's relevant what occurred on the 29th and the status on the 29th of October. What about the three letters that he sent accusing Wiseman of dastardly things? He filed a lawsuit. Didn't he do a lot of things that would have made it impossible for him to keep Wiseman as his lawyer? I would disagree with that, Your Honor. The three letters that were submitted to the Court and to counsel prior to the trial date, two of them explicitly state that they — that Mr. Barker has faith in Mr. Wiseman and that he believes Mr. Wiseman is the best attorney for the job. Now, Mr. Wiseman did actually at one point declare a doubt as to Mr. Barker's competency, and that was evaluated. And there was some discussion on the record about Mr. Barker's ability to understand the nature of the proceedings. And I think if Your Honor has read those three letters and the complaint that he filed in Butte County, it is very clear that Mr. Barker doesn't understand how the legal process works. He was making a lot of claims. He wanted Mr. Wiseman to bring murder charges based on the death of his wife against — he named Judge Newman, Judge Shub, Mr. Wiseman. He named Mr. Dolan in the complaint. So it's clear that these were nonsubstantive letters. They were venting, essentially, is what they were. For example, in the complaint that was filed in Butte County, he raises ineffective assistance of counsel as a cause of action. However, in the State of California, there is no civil cause of action in effective assistance of counsel. There's malpractice, but that's something different, and it's governed by a different standard. And because Mr. — So he expressed dissatisfaction with Mr. Wiseman to the point that he named him in a lawsuit. And the district court then seemed to have a reason to grant Mr. Wiseman's motion to withdraw. But even more fundamentally, does Mr. Barker have a right to have his choice of counsel? My understanding is the case law says he has a right to counsel, but not to the meaningful relationship or to his choice. I would agree with that. And I think initially at an arraignment hearing, when the defendant's being arraigned, they can't say, I want this specific counsel appointed to me. And I would agree that the Morris v. Slappy case, which is the Supreme Court case that says they don't have a meaningful right, a right to a meaningful relationship, is based on different facts. And in Morris v. Slappy, the public defender that was actually physically ill, had surgery, was in the hospital, and was physically unable to come to court to proceed. And Mr. Slappy wanted a continuance, an indefinite continuance, because he said he had a relationship with his attorney. In contrast here, this was on the eve of trial, and Mr. Barker had asserted his right to a speedy trial at every hearing possible. And this is the day before trial. And then the problem becomes, if this Court finds that the filing of a lawsuit or the filing of a State bar complaint, which Mr. Barker did, in fact, file a document with a district court that named both Mr. Greiner, that's document 65, and Mr. Weisman, document 66. That was a mistake in my brief. Then if that's all it takes to dismiss counsel, then Mr. Greiner, a successive counsel, should have likewise been dismissed. Mr. Greiner didn't ask to be dismissed, right? He said, I'm capable of representing Mr. Barker, and we'll do it zealously and the like. And so he didn't request dismissal. He was fine going forward. But so the question is, is there a conflict, or isn't there a conflict? And if there is no question of conflict, why is that the question? It's not a question of conflict, is it? The district court exercises discretion to grant Mr. Weisman's motion to withdraw and that wasn't an abuse of discretion under the circumstances, was it? Yes, it was, because it denied Mr. Barker his Sixth Amendment right to a speedy trial. And Mr. Barker was satisfied with Mr. Weisman's representation. So he said. So he said. Well, he said. But, but he also said, and he's conspiring against me, and he's caused the death of my wife, and he's colluding against me, and he's guilty of RICO, and he's ineffective under the circumstances of counsel. And how much, how much abuse, how much abuse did he ever write? How many times did he get to state that? And still insist that the counsel represent him, and as a matter of constitutional law, the counsel must? Until, well. What's the best case that says he, that's the best case? I would say the United States Supreme Court case of, I think it's Lopez v. Gonzalez, that says, and that's in the context of retained counsel, but there he has a counsel of, he has the right to choose his counsel. And there the government argued, well, as long as he, the ultimate trial was fair, there was no ineffective assistance, then there is no Sixth Amendment claim. And the Supreme Court rejected, rejected that argument. And they said, it's, it's not just that he receives a fair trial, it's that he receives these other aspects that go along with it. Confidence in your counsel. And I would agree that when there are defendants who have gone through one, two, three, four attorneys, that they at some point have to. But here, this was not Mr. Barker seeking to be relieved. This was a court-appointed attorney seeking to be relieved. And as CJA counsel, when you accept a case, you have to have a little bit thicker skin. And maybe the court is aware that in late August, Mr. Barker submitted a letter to this Court alleging me of similar acts of misconduct. That does not mean I have a conflict. That does not mean I cannot zealously represent Mr. Barker. Well, it isn't a real issue, because I'm a sitting trial judge. Weissman filed a motion to withdraw. Yes. And he, the decision was based on the record that existed at that time. And the standard of review for appellate purposes is abuse of discretion. So are you saying with a straight face that the district judge abused his discretion when he granted the motion to withdraw? First, I would say this is a Sixth Amendment claim, and it is de novo. But second — and structural error. But second, I would say, yes, he abused his discretion, because as the district court noted in his own words, I would have gone through these four factors that are required by Ninth Circuit case law. Here, it's U.S. v. Moore. I would have gone through those, except for the fact that the government joined the motion. So he didn't go through the three factors that he was supposed to, the timeliness of the motion, the extent of the conflict. And those cases — those factors generally relate or always relate to when the defendant is trying to get rid of his counsel, right? Yes. And this is a case of first impression in this circuit. It doesn't seem that we have a case on point. But there are cases in the other circuits that I said, I cited in my brief, Basham, which the government also cited. They say that in certain instances, it can rise to the level of a Sixth Amendment violation if, on the eve of trial, this is done. And so I would say, yes, it does — I can stand here with a straight face and say it abuses — it's an abuse of discretion. Did you want to save the rest of your time? Yes, please. May it please the Court, good morning. My name is Jared Dolan. I'm an assistant United States attorney in Sacramento, Iowa's trial counsel below, asking this Court to affirm the conviction and sentence of Mr. Barker. There are two rights that come into play in the Sixth Amendment. One is the right to choose your own counsel if you can afford to pay him. Mr. Barker didn't have that right. He required that counsel be appointed. And so most of the cases cited by the defendant, whether it's Gonzalez-Lopez or any of the others, simply do not apply. The right that Mr. Barker had was not the right to choose his own counsel. It was the right to have adequate counsel appointed for him, the right to effective assistance of counsel. He didn't. And so when Mr. Barker's lawyer was replaced, Mr. Wiseman, there was no denial of the right to counsel of choice because Mr. Barker never had that right. And so because the right was not structural error, because he didn't have the right to choice of counsel, it's just simply inapplicable. I submit the most applicable case on this point, other than the Supreme Court's jurisprudence, is the Gonzalez v. Knowles case that's from this Court. And that's a case where the defendant won on appeal, and he wanted the same lawyer who won his appeal to represent him below. And the trial judge simply said, that's not how we do it. I'm going to appoint another lawyer. And he objected to that, and this Court said, that's simply not a right you have. You don't have the right to choose your lawyer if you need a lawyer appointed. And so I would submit that that's the end of the inquiry because there's no showing of ineffective assistance, and there's no showing of prejudice as a result of that assistance. On the subject of Mr. Wiseman and whether Judge Schub aired, if it was just the one day, I think it would be a closer question, but this was a building process. As Your Honor pointed out, there were letters in the record, there was the lawsuit. It wasn't just one thing. It was something that built over time. And it built to a level that simply put, Mr. Wiseman felt moved that he had to withdraw. And I think this is, there's a different standard when a lawyer, an officer of the court comes forward and says, I can't represent him. I have a conflict. And when the defendant is saying there's a conflict, and it's a discussion ex parte outside the presence of the government's lawyer. If the Court has, I'm happy to answer any questions. If the Court doesn't have any questions, though, I'd be happy to submit it. Opposing counsel says there's a Speedy Trial Act right lurking here. Your Honor. What's your view on that? Your Honor, I think there was, I mean, I don't think the Speedy Trial Act was violated. Mr. Barker did refuse to waive time up until Mr. Wiseman was removed. But after Mr. Wiseman was removed, time was excluded for him to get a new lawyer and for that new lawyer to get up to speed. I think that if the Court looks at Basham, the case cited by the defense for the point, well, if you remove a lawyer on the eve of trial, maybe there's a problem, that goes back to the effective assistance prong of the Sixth Amendment. I think this would be a much different question if the district court had appointed Mr. Greiner on that same day and said, we're going to trial no matter what tomorrow. I think that would be a much closer question because that would impact his opportunity to prepare, his opportunity to become familiar with the record. It would impact the right that Mr. Barker did have, the effective assistance of counsel. What happened is that Mr. Greiner was given adequate time to prepare. He had the benefit of the government's witness list, of its trial briefs, of Mr. Wiseman's work, and the case proceeded to trial within a few months. It was a very simple trial. I think approximately 13 witnesses were called. It was a document case. And in many ways, the facts were undisputed. And so I don't think there's a speedy trial issue, and one wasn't raised in the court below. Thank you. After the case of Gonzalez v. Knowles, there are some significant distinguishing facts there. One was that the attorney on appeal was not on the local panel. He had not been approved by the local court. He had not been approved by the local panel members to say that he was appropriate to be appointed in that case. That's one reason. Two, the appointment of new counsel came at a natural cutoff in the case, in that the case had been on appeal. It was remanded. Now it's starting new proceedings in the lower court. And third, the court there actually held a full hearing. Attorney Such spoke. The client spoke. The court heard from all sides before it made its decision. So those are distinguishing factors that are not present in this case. And as to the two letters the letters that Mr. Barker wrote prior to court, he wrote, I am to Mr. Weisman, I am confident in your services. I have spoken to you, and you have assured me as to your intimate and professional, well-trained knowledge of both the facts in this case and expert knowledge in law. Three weeks later, thank you so much for your timely response in this manner. I am pleased that you are taking the time to understand my case. Together with due diligence, I believe you can put up a voracious defense for me in the above-entitled cause of action. So to say that Mr. Barker was displeased in any way, shape, or form with Mr. Weisman I think misstates the record. I think ---- Excuse me. What about in the complaint? Where in the 80-page complaint that Barker filed, Weisman was described as, quote, an agent for the IRS, and one who, quote, did willfully collude and conspire with all other defendants in their surrogate courts in which to unlawfully sustain a criminal enterprise established for the purposes of profit or reward. And then it sought $25,000 from Weisman for ineffective assistance of counsel from September 21, 2012 to the present. Doesn't that really put the trial court in an awkward position to ignore that? I would disagree because those aren't actual causes of action. They aren't actual litigatable causes of action. A defendant ---- there is no cause of action in civil court in California for ineffective assistance of counsel. There is malpractice, and in a malpractice case, the burden on a defendant or then the plaintiff is very high. You have to prove actual innocence following a conviction before there is even a cause of action. So, yes, Mr. Barker made these statements, and, yes, Mr. Barker made these filings, but anybody who read them, as Judge Shub did, found that there was really nothing to them. It's merely a defendant complaining. And if every time a defendant complains that they're receiving ineffective assistance of counsel, the court is obligated to appoint new counsel, cases can go on in perpetuity. There are some defendants who have, as I said before, gone through four, five, six, seven attorneys. And if this ---- if the filing of a lawsuit is per se, creates a per se conflict of interest, which neither the California rules of professional responsibility nor ---- Kagan. Please wrap up your opening. Nor this Court in United States v. Moore have found that it's not a per se conflict of interest. The district court judge should have conducted a hearing, should have questioned Mr. Barker, should have questioned Mr. Weisman before either granting or denying the motion. Thank you. The case of the United States v. Randy Barker is submitted.
judges: Daniel, Fernandez, Ikuta